IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

No. 2:25-CR-086-Z (02)

REBEKAH IRENE STANDLEY (02)

## FACTUAL RESUME

In support of Rebekah Irene Standley's plea of guilty to the offense in Counts One of the Indictment, Standley, the defendant, Michael King, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 1951(a), that is, Affecting Commerce by Robbery, the government must prove each of the following elements beyond a reasonable doubt:

Affecting Commerce by Robbery[1]:

*First.*   That the defendant unlawfully obtained personal property from a person or in his/her presence, against his/her will;

*Second.*   That the defendant did so by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his/her person or property; and

*Third.*   That the defendant's conduct in any way or degree obstructed, delayed, or affected commerce.

A robbery of a business affects commerce if that business bought and sold merchandise that had traveled from another state to this state, or if the robbery affected sales by the business of such merchandise, or if the money proceeds from

---

[1] Fifth Circuit Pattern Jury Instruction 2.73B (5th Cir. 2024).

**Rebekah Irene Standley**
**Factual Resume—Page 1**

the business moved in interstate commerce, or if the business routinely wired or electronically transferred money from our state to a bank in another state.

The term "personal property" includes money and other tangible things of value.

The term "commerce" means all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof.

## STIPULATED FACTS

1.     Rebekah Irene Standley admits that on or about July 18, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, she did unlawfully obstruct, delay, or affect, or attempt to obstruct, delay, or affect, commerce, as that term is defined in Title 18, United States Code, Section 1951, or the movement of any article or commodity in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did unlawfully take or obtain, or attempted to take or obtain, personal property consisting of an amount of money from A.H. and D.V., employees of Toot N Totum, 1627 N. Grand Street, Amarillo, Texas, against their will, by means of actual or threatened force, violence, or fear of injury to their persons, that is, by pointing a firearm at A.H. and D.V. and demanding money, in violation of Title 18, United States Code, Section 1951(a).

2.     In July 2025, the Federal Bureau of Investigation (FBI) and the Amarillo Police Department (APD) jointly investigated an armed robbery of the Toot N Totum, 1627 N. Grand Street, Amarillo, Texas. During the investigation, Rebekah Irene Standley and Brian Edward Lynch were identified as suspects of the robbery.

3.     Investigators learned that on July 18, 2025, both Lynch and Standley entered the Toot N Totum, 1627 N. Grand Street, Amarillo, Texas. Lynch pointed a

**Rebekah Irene Standley**
**Factual Resume—Page 2**

firearm at both clerks, A.H. and D.V., and demanded money. Lynch took cash from the clerks which amounted to approximately $40.00. Standley went behind the counter and began taking Marlboro cigarettes and putting them into a plastic bag. While leaving the store, Standley reached down and picked up money from the floor. Lynch and Standley then exited the store and fled south.

4.      On July 19, 2025, law enforcement located Lynch and the vehicle used during the robbery. Lynch picked up Standley and they left together from 3904 Paradise. While leaving in his car, Lynch failed to signal leaving from a parked position. APD Patrol Officers conducted a traffic stop for the traffic violation at N. Grand St. and NE 24th Ave. Standley told Officers she had drug paraphernalia inside the car and a probable cause search was conducted. During the search, officers located Lynch's wallet containing $44.00. Officers also located a black "Amigos" baseball hat with black tape covering the logo and a clear plastic bag containing 2 vapes and packs of Marlboro cigarettes.

5.      During the traffic stop, Standley agreed to be interviewed. Standley admitted she and Lynch committed the robbery of the Toot N Totum. She confirmed Lynch had a handgun and that she took cigarettes. She stated Lynch gave her a black "Amigos" baseball hat and yellow rubber gloves to wear. She said she put a torn red sleeve over her face. Lynch told her they were going to wait until the Toot N Totum to clear out and then they would hit it. Lynch told her to grab everything. Standley confirmed they were in Lynch's vehicle, a blue 2018 Mitsubishi Mirage. Standley stated they went to the house at 1607 N. Apache after the robbery. After her interview,

**Rebekah Irene Standley**
**Factual Resume—Page 3**

Standley went to 3904 Paradise where she retrieved the black pants with rips and tears and a black long-sleeved shirt, which she said she wore during the robbery. At the time of the interview, she was wearing dark blue athletic shoes with green marking identical to those worn during the robbery.

6.    A search warrant was obtained and executed for 1607 Apache Street, Lynch's known residence. During the search, investigators recovered clothing identical to the clothing used by Lynch and Standley during the robbery. Specifically, investigators recovered the following items from Lynch's bedroom: a red sleeve (used by Standley as a face covering), two pairs of yellow rubber gloves, one pair of black Franklin gloves with gold trim across the knuckles, one pair of black Nautica shoes with white soles, one gray Under Armor hoodie-style sweatshirt, one black balaclava face covering, one pair of jeans, seven rounds of .40 caliber ammunition, and one black and silver Smith and Wesson .40 caliber pistol bearing serial number DSR3733 that matched the firearm used during the robbery. Investigators also recovered a light blue t-shirt and six packs of Marlboro cigarettes inside the house.

7.    Toot N Totum operates more than 70 stores in Texas, Oklahoma, New Mexico, and Kansas. Toot N Totum is headquartered in Amarillo, Texas. Toot N Totum sells products to include cigarettes, alcohol, and Valero branded fuel which are manufactured outside of the state of Texas and/or are shipped to Toot N Totum locations in four states. Due to the robberies, the Toot N Totum store lost approximately $171.09 in cash, $191.85 in stolen cigarettes, $83.95 in stolen vapes, and at least $15.14 in stolen lighters. The robbery occurred minutes before closing so there was not a loss in sales due

**Rebekah Irene Standley**
**Factual Resume—Page 4**

to closing the store during open hours. The total loss amount in cash and merchandise was $462.03.

8.    Standley agrees that she committed all the essential elements of the offenses alleged in Count One of the Indictment. This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Indictment.

AGREED TO AND STIPULATED on this 17 day of October, 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

_Rebekah Standley_
Rebekah Irene Standley
Defendant

_Joshua Frausto_
JOSHUA FRAUSTO
Assistant United States Attorney
Attorney-in-Charge
Texas State Bar Number 24074228
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Telephone:    806-324-2356
Facsimile:    806-324-2399
E-mail:    joshua.frausto@usdoj.gov

_Michael King_
Michael King
Attorney for Defendant

Rebekah Irene Standley
Factual Resume—Page 5